Justin Cilenti (GC2321)
Peter Hans Cooper (PHC4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AIDA M. ILLISACA, | Case No.: 22 CV 5095 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| - against - | |
| ALIANZA ECUATORIANA INTERNACIONAL, INC., and WALTER SINCHE, individually, | **Jury Trial Request** |
| | **ECF Case** |
| Defendants. | |

---

Plaintiff, Aida M. Illisaca ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Alianza Ecuatoriana Internacional, Inc. (herein, "Alianza Ecuatoriana"), and Walter Sinche, individually (defendants collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid spread of hours premiums for each day she worked a span of more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) pre-judgment and post-judgment interest; and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Queens County, New York.

6. Upon information and belief, Defendant, Alianza Ecuatoriana Internacional, Inc., was and is a not-for-profit educational institution organized and existing under the laws of the State of New York, with a principal place of business located at 104-08 Roosevelt Avenue, Corona, New York 11368.

7. Upon information and belief, Defendant, Walter Sinche, is an owner, officer, director and/or managing agent of Alianza Ecuatoriana, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Alianza Ecuatoriana and acted intentionally and maliciously and was and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as

well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Alianza Ecuatoriana.

8. Plaintiff was employed by the Defendants in Queens County, New York, engaged to be an office receptionist, cleaner, flyer distributor, instructor, and recruiter of potential teachers and students for classes, continuously beginning in or about March 2019 until on or about March 6, 2022.

9. At all relevant times, Alianza Ecuatoriana was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times the work performed by Plaintiff was directly essential to the businesses operated by Alianza Ecuatoriana.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. In or about March 2019, Plaintiff, Aida M. Illisaca, was hired by Defendants to work as a receptionist, cleaner, flyer distributor, instructor, and recruiter, for Defendants' school called "Alianza Ecuatoriana Internacional".

15. Plaintiff, Aida M. Illisaca, worked for the Defendants continuously during a period of approximately three (3) years without interruption, ending on or about March 6, 2022.

16. Alianza Ecuatoriana promotes itself to be a school which certifies Ecuadorian immigrants and other members of working class communities in OSHA requirements, so they can obtain gainful employment in the construction industry. It offers courses addressing a variety of topics including OSHA certifications and other topics in the construction industry.

17. Alianza Ecuatoriana employs instructors and unpaid interns and has enrolled thousands of students in its classes, providing job training, programs which promote cultural awareness, as well as immigration and family support services.

18. During Plaintiff's employment by Defendants, she worked well over forty (40) hours per week. During the first four (5) months, Plaintiff generally worked seven (7) days per week, eleven (11) hours per day, and was not paid any wages.

19. During the remainder of her employment, Plaintiff worked seven (7) days per week, up to twelve (12) hours per day, and she was paid a "salary" of six hundred dollars ($600.00) per week.

20. At all times relevant to this action, Plaintiff was paid below the applicable Federal and New York State minimum hourly wage.

21. At all times relevant to this action, work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum rate, as required by law. Plaintiff's weekly hours ranged from fifty-five (55) to over seventy (70) hours per week.

22. Plaintiff was not paid hourly and did not punch a time clock or otherwise record her working hours each day.

23. Plaintiff was given a paystub which was not accurate.

24. Plaintiff was sometimes paid by cash and sometimes paid by check.

25. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage or overtime rate (of time and one-half) to the Plaintiff for work performed.

26. Plaintiff was paid no wages for the first three (3) months of her employment and the last four (4) weeks of her employment.

27. Plaintiff worked directly for the corporate and individual defendants.

28. The individual defendant Walter Sinche exercised control over the terms and conditions of Plaintiff's employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

29. Defendant, Walter Sinche, owns the school; he creates and implements crucial business policies, including supervising the Plaintiff and other employee's work schedules and also determines the method and manner by which the employees are to be paid. He directly paid Plaintiff.

30. Defendant Walter Sinche has an alliance with a law firm in which the firm pays him a monthly retainer to refer clients who are injured on construction sites.

31. Defendant Walter Sinche also rents the premises, on evenings when it is not used as a school, for parties and events.

32. Defendant, Walter Sinche, exercised sufficient control over Alianza Ecuatoriana's day-to-day operations as to be considered an employer of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

33. Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, Alianza Ecuatoriana, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

34. At all relevant times, Alianza Ecuatoriana was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

35. At relevant times, Defendant Alianza Ecuatoriana has had an annual gross volume of sales in excess of $500,000.

36. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time records.

37. Plaintiff was not paid hourly and, at all relevant times, when she worked a spread in excess of ten (10) hours, Defendants knowingly and willfully failed to pay lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

38. Plaintiff regularly worked in excess of ten (10) hours per day.

39. Plaintiff's normal/usual schedule was 10:00 a.m. until 6:00 p.m., seven (7) days per week. She often worked much later than 6:00 p.m. when instructing a class, for example.

40. Plaintiff was sometimes paid by check but not paid hourly, and she was not provided with an accurate wage statement.

41. Plaintiff was compensated weekly and paid a salary, not an hourly wage.

42. Because her employers did not keep track of Plaintiff's start and end times on a daily basis, records maintained by the Defendants regarding the hours and pay of Plaintiff may be inaccurate or false.

43. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

## COUNT I
### [Violation of the Fair Labor Standards Act]

44. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

47. At all relevant times, Defendants had gross revenues in excess of $500,000.

48. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff for some of the hours he worked.

49. Plaintiff was entitled to be paid at the rate of time and one-half the minimum rate for all hours worked in excess of forty (40) each workweek.

50. The Defendants failed to pay Plaintiff wages or minimum wages for all hours worked, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

51. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

53. The Defendants have failed to make, keep and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

54. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

55. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

56. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and

overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

57. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for lawful overtime wages for hours worked when they knew or should have known such was due and that non-payment of such would financially injure Plaintiff.

59. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

## COUNT II
### [Violation of the New York Labor Law]

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

62. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages for all hours worked, and minimum wages in the lawful amount for all hours worked.

63. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

64. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day she worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

65. Defendants violated Plaintiff's rights under the New York Labor Law by not paying wages on a weekly basis.

66. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; damages for unreasonably delayed payment of wages; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

67. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for Plaintiff and other similarly situated employees, for their full hours worked; and, any overtime due.

69. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

70. Plaintiff was not provided with a written wage notice, as required by law.

71. Plaintiff was not provided with true, complete, and accurate weekly wage statements as required by law.

72. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, with a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

73. Defendants' failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each workday the violation occurred, with a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

74. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(h) Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
       August 26, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com

By: _____
     Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Walter Sinche

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Aida M. Illisaca intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Alianza Ecuatoriana Internacional, Inc., for debts, wages and / or salaries due and owing to her as laborer, servant, and / or employee of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as her attorney, to make this demand on her behalf.

Dated: New York, New York
       August 26, 2022

Respectfully submitted,

By: _____
    Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
E-mail: pcooper@jcpclaw.com

13

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Aida Illisaca__, am an employee currently or formerly employed by __Alianza Ecuatoriana Internacional__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__August 25__, 2022

_____